IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DANIEL BOWLING**, | Case No. 1:11 CV 492 |
| Petitioner, | Judge Patricia A. Gaughan |
| v. | REPORT AND RECOMMENDATION |
| **VINCENT HOLLAND**, et al., | |
| Respondents. | Magistrate Judge James R. Knepp II |

## Introduction

Petitioner Daniel Bowling filed a Petition for Federal Habeas Corpus under 28 U.S.C. § 2254 on March 10, 2011. (Doc. 1). Respondents Vincent Holland and Lisa Austin have moved to dismiss the Petition. (Doc. 10). Petitioner filed an Opposition. (Doc. 11).

The district court has jurisdiction over a properly filed Petition under 28 U.S.C. § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). For the reasons stated below, the undersigned recommends the Petition be dismissed.

## Background

On October 1, 2007, the Cuyahoga County Prosecutor's Office indicted Petitioner on three counts involving trafficking and possession of crack cocaine and possession of criminal tools. (Doc. 10-1, at 1-5). On February 10, 2009, Petitioner was convicted of trafficking and possession of crack cocaine. (Doc. 10-2). On March 6, 2009, Petitioner was sentenced to two years community control, under supervision of the adult probation department, with the following conditions: 40 hours community service, submit to random drug testing, attend AA/NA/CA meetings twice a week,

maintain part-time employment or apply for jobs weekly, and resolve child support arrearages. (Doc. 10-3). Petitioner was also ordered to pay a supervision fee and court costs. (*Id.*). The sentencing journal entry was corrected for reasons not relevant to the present motion on February 8, 2010. (Doc. 10-4).

Petitioner appealed, and on August 5, 2010, the Ohio Eighth District Court of Appeals remanded for resentencing. (Doc. 10-5, at 33). The court's decision was based solely on the trial court's failure to merge the drug possession and drug trafficking charges and it "remand[ed] to the trial court for the limited purpose of resentencing, at which time the state has the right to elect which allied offense to pursue". (*Id.*).

At the resentencing hearing on February 1, 2011, the state elected trafficking. (Doc. 32, at 2-15). The hearing was continued to February 11, 2011, and then rescheduled for March 11, 2011. (Doc. 9-1, at 2-3).

On March 6, 2011, Petitioner's two-year community control sanctions expired. Petitioner filed the pending Petition March 10, 2011. (Doc. 1). On March 11, 2011, Petitioner was resentenced to a total of two years community control sanctions, which were applied retroactively to March 6, 2009. (Doc. 32, at 30-37).[1] The sentence included the previous community service, drug testing, AA/NA/CA meetings, and employment requirements, but did not include the previous financial conditions.

## Discussion

---

[1] Petitioner complains about inaccurate recording of the date of resentencing. However, Petitioner and Respondents agree in their briefing that the resentencing actually occurred March 11, 2011 (Doc. 10, at 3; Doc. 11, at 5), and both parties have submitted the same transcript reflecting the March 11, 2011 date. (Docs. 27-1, 32).

District courts have the jurisdiction to entertain petitions for habeas relief only from persons who are "in custody" in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. §§ 2241(c)(3); 2254(a). The statutory language requires a habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual in custody for the purposes of a habeas attack on it. *Id.* at 492.

Penalties not imposing serious threat on an individual's liberty, or the imminent threat of such restraint, do not meet the "in custody" requirement:

> [H]abeas is not available as a remedy for fine-only convictions although the [petitioner] remains subject to the supervision of the court and failure to pay the fine could result in incarceration . . . . The fine itself is not a serious restraint and the possibility that the court will resort to imprisonment to enforce the fine is considered too remote and speculative to warrant the invocation of federal habeas jurisdiction.

*Tinder v. Paula*, 725 F.2d 801, 804 (1st Cir. 1984) (collecting cases); *see also Obado v. New Jersey*, 328 F.3d 716, 717-18 (3d Cir. 2003) (holding restitution payments insufficient to constitute custody).

"A fine-only conviction is not a restraint on individual liberty[,] [m]oreover, . . . the ordinary collateral consequences or civil disabilities flowing from a fine-only conviction, although they may be restraints on liberty, are not severe enough to put the convicted person 'in custody' within the meaning of a habeas corpus statute." *Hanson v. Circuit Court*, 591 F.2d 404, 407 (7th Cir. 1979) (citing *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973)). A conviction resulting only in a cash fine or a short-lived suspension of privileges also fails to trigger the custody requirement, because the sentence imposed does not amount to a sufficiently severe restraint on liberty. *May v.*

*Guckenberger*, 2001 WL 1842462, *2 (S.D. Ohio) (citing *Barry v. Bergen County Probation Dep't*, 128 F.3d 152, 160 (3d Cir. 1997)).

Petitioner's community control sentence had expired March 6, 2011, two years from his sentence on March 6, 2009, and this Petition was filed March 10, 2011. Petitioner contends, on March 10, 2011 when he filed his Petition, he was under a threat that the trial court would find him not in compliance with conditions, and impose jail time or additional community service under Ohio Revised Code §§ 2929.17(C), 2951.02(F)(2). (Doc. 11, at 13). Petitioner argues he was "in custody" because he was not in compliance with the financial conditions of his community control sentence – court costs and child support obligations – on the date he filed his Petition. Petitioner argues this failure to comply placed him under the threat of imminent confinement. (Doc. 11, at 13). But Petitioner is wrong; these unsatisfied financial conditions remaining after the expiration of the community control sentence do not render Petitioner "in custody" on March 11, 2011. *See Hanson*, 591 F.2d at 407 (financial conditions are not considered a severe restraint on individual liberty, and thus "are not severe enough to put the convicted person in custody within the meaning of a habeas corpus statute."); *Tinder*, 725 F.2d at 804 ("the possibility that the court will resort to imprisonment to enforce the fine is considered too remote and speculative to warrant the invocation of federal

habeas jurisdiction.").[2]

Here, any potential threat of "custody" of Petitioner on March 10, 2011 is remote and speculative. The threat of custody, when not imminent or even reasonably likely, is not custody.

## Conclusion and Recommendation

Following review of the arguments presented, the record, and applicable law, the undersigned recommends Respondents' Motion to Dismiss (Doc. 10) be granted. Petitioner's remaining motions regarding discovery (Docs. 16, 17, 19, and 23) are therefore moot.

s/James R. Knepp II<br>
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

---

[2] As an aside, Petitioner assumes the Ohio trial court could have resorted to immediate incarceration or additional community service because he was in violation of the financial conditions between March 6, 2011 and March 11, 2011. An Ohio trial court has jurisdiction over a community control violation even after the sentence has expired, provided a violation notice and proceedings are commenced before the expiration of the sentence. *See Ohio v. Semenchuk*, 2010 WL 3904276 (Ohio App. 4 Dist.) (holding trial court has continued jurisdiction over proceedings held after expiration of stated term of community control, so long as "the notice of violation and revocation proceedings are commenced prior to the expiration"); *State v. Breckenridge*, 2009 WL 2196764 (Ohio App. 10 Dist.) (same). In *Hensley,* 411 U.S. at 351, the Supreme Court held a petitioner was in custody when on probation because: "[I]ncarceration is not, in other words, a speculative possibility that depends on a number of contingencies over which he has no control". *Id.* at 351-53. Petitioner's probation officer had not filed a notice of violation prior to the two-year sentence expiring. Therefore, the trial court was likely divested of jurisdiction to impose a penalty for probation violation after the date of expiration, March 6, 2011, and incarceration was at most "speculative possibility" here.