**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Daniel Bowling,** | ) | **CASE NO. 1: 11 CV 492** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Vincent Holland,** *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondents. | ) | |

Petitioner Daniel Bowling filed the pending Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  Respondents Vincent Holland (Chief of Cuyahoga County Adult Probation) and Probation Officer Lisa Austin moved to dismiss the Petition. (Doc. 10.)  Before the Court is the Report and Recommendation of Magistrate Judge James R. Knepp II (Doc. 37) recommending that the Court grant respondents' motion to dismiss. Petitioner has filed objections to the Report and Recommendation.  (Doc. 38.)  For the reasons stated below, the Report and Recommendation is ACCEPTED.

**I. Standard of Review**

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636, the district court reviews *de novo* the

1

portion of a report of a magistrate judge to which a specific objection is made. The judge may accept, reject, or modify any proposed finding or recommendation.

**II. Facts**

On October 1, 2007, petitioner was indicted by a Cuyahoga County Grand Jury in a three count indictment charging petitioner with possession of crack cocaine in violation of Ohio Rev. Code § 2925.11(A), drug trafficking in violation of Ohio Rev. Code § 2925.03(A)(2), and possession of criminal tools in violation of Ohio Rev. Code § 2923.24(A). On February 10, 2009, a jury found petitioner guilty of the drug possession and drug trafficking charges.

On March 6, 2009, petitioner was sentenced by the trial court to two years of community control sanctions under the supervision of the adult probation department with the following conditions: 40 hours community service, submit to random drug testing, attend AA/NA/CA meetings twice a week, maintain part-time employment or apply for jobs weekly, and resolve child support arrearages. (Doc. 10-3.) Petitioner appealed his conviction to the Ohio Court of Appeals, asserting eight assignments of error. The appellate court affirmed petitioner's conviction in all respects, except held that the trial court erred in failing to merge the drug possession and trafficking charges. The appellate court ordered a "limited remand" "for the limited purpose of resentencing, at which time the state has the right to elect which allied offense to pursue." (Doc. 10-3.)

At resentencing on February 1, 2011, the state elected trafficking. The hearing was continued to February 11, 2011 and then to March 11, 2011.

Petitioner filed the present petition for a writ of *habeas* corpus against respondents on

March 10, 2011, raising three grounds for relief: "[d]enial of due process (and a fair trial) based on the exclusion of exculpatory evidence coupled with admission of tampered evidence," unreasonable search, and "[d]enial of due process (and a fair trial) stemming from an illegal policy of public corruption."[1]

At the resentencing on March 11, 2011, the trial court sentenced petitioner to a total of two years of community control sanctions and held that the sentence applied retroactively to March 6, 2009.  (Doc. 9-70.)  The sentence imposed included previous community service, drug testing, AA/NA/CA meetings, but did not include previously imposed financial conditions.  The trial court found that petitioner's case was completely "over" because petitioner's community control sentence was fully served as of March 6, 2011.

**III.  Analysis**

Magistrate Judge Knepp recommended that this Court grant respondents' motion to dismiss this *habeas* petition because petitioner was not "in custody" on March 10, 2011, when his *habeas* petition was filed.

A federal court has jurisdiction to grant a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 where the petitioner is "in custody pursuant to the judgment of a State court."  *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001).  The petitioner must be "in custody" under the conviction or sentence at issue at the time the *habeas* petition is filed.  *Maleng v.Cook*, 490 U.S. 488, 490-91 (1989).  A petitioner is not "in custody" when, at the time the *habeas* petition is filed, the sentence imposed for petitioner's conviction has fully

---

[1] Petitioner filed his petition after pursuing a motion for reconsideration with the Ohio Court of Appeals and a subsequent appeal in the Ohio Supreme Court, which declined jurisdiction.

3

expired. *See id.*, at 492. Further, once the sentence imposed for a conviction has expired, the "collateral consequences" of that conviction are not themselves sufficient to render an individual in custody for the purposes of a *habeas* attack. *Id.*

Magistrate Judge Knepp reasoned that petitioner was not in custody at the time his *habeas* petition was filed (March 10, 2011) because petitioner's two year community control sentence, as determined by the trial court on March 11, 2011, expired on March 6, 2011. (R&R at 4.)

In reaching this determination, the Magistrate Judge rejected petitioner's argument that petitioner was in custody on March 10, 2011, because petitioner had not fully complied with the financial conditions imposed in connection with his community control sentence. Petitioner argued his noncompliance with the financial conditions placed him under a threat of imminent confinement by the trial judge at the March 11, 2011 resentencing. The Magistrate Judge rejected this argument, finding that any potential threat of custody to petitioner as a result of the unsatisfied financial conditions was "remote and speculative." (R&R at 4.) The Magistrate Judge cited authority supporting the proposition that fine-only convictions and penalties not imposing a serious threat to an individual's liberty do not meet the "in custody" requirement. (R&R at 3, citing *Tinder v. Paula*, 725 F.2d 801, 801 (1st Cir. 1984).)

Accordingly, the Magistrate Judge found that petitioner was not in custody of March 10, 2011, and recommended that the Court grant respondents' motion to dismiss. The Magistrate Judge noted that this ruling would render moot various pending discovery motions filed by petitioner in connection with his petition. (Doc. Nos. 16, 17, 19, and 23) .

Petitioner raises several specific objections to the Magistrate's R&R.[2]

First, petitioner objects that the Magistrate Judge's factual findings "failed to state that [petitioner] was *commanded* to appear at the resentencing held on February 1, 2011 - continued to March 11, 2011 as communicated to Counsel for [petitioner] through the bailiff for the trial court judge." (Obj. at 3.)  Petitioner contends this omission is significant because petitioner's failure to appear at the March 11, 2011 resentencing hearing "would have resulted in his arrest similar to a failure to appear after being issued a summons" under Ohio Rev. Code § 2935.11.[3]  Petitioner argues that "[t]he threat of arrest for failure to appear is a real consequence distinguishable from civil disabilities flowing from a fine-only conviction; therefore, he was in custody when his *habeas* petition was filed.  (Obj. at 3.)

Respondents argue that "[b]eing asked to appear in a criminal proceeding so that a trial court can protect a person's right to be present [at his sentencing hearing] is not a serious restraint and the possibility that a penalty would be imposed for failure to appear, as with the fine-only conviction, is too remote and speculative to warrant the invocation of federal habeas

---

[2] Petitioner also states that he "globally objects to the factual findings and legal conclusions set forth in the Report and Recommendation." (Obj. at 3.)  However, only specific objections are entitled to *de novo* review.  *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

[3] Ohio Rev. Code § 2935.11 provides:

If the person summoned to appear as provided in division (B) of section 2935.10 of the Revised Code fails to appear without just cause and personal service of the summons was had upon him, he may be found guilty of contempt of court, and may be fined not to exceed twenty dollars for such contempt. Upon failure to appear the court or magistrate may forthwith issue a warrant for his arrest.

5

jurisdiction." (Resp. at 6.)

Neither party cites a case supporting their position as to whether a person is "in custody" for purposes of the *habeas* statute where as here, the person was required to appear at a sentencing hearing to correct the terms of his sentence after the person's sentence was determined to have fully expired. However, the Court does not find petitioner's objection to be well-taken. Petitioner did not raise this argument before the Magistrate Judge. Rather, in petitioner's brief opposing respondents' motion to dismiss his petition, petitioner argued that he was in custody under the *habeas* statute because he had not completed the community control sanctions imposed in connection with his state court sentence. (*See* Doc. No. 11, at 8-10.) Accordingly, petitioner waived the argument that he was in custody because he could have been arrested for failing to appear at the March 11, 2011 resentencing hearing. *See Murr v. United States*, 200 F.2d 896, 902, n. 1 (6th Cir. 2000) ("[W]hile the Magistrate Judge Act . . . permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.")

Petitioner's second objection is that the Magistrate Judge erred in failing to discuss the "extra judicial conduct" of respondents in "failing to give [petitioner] or the trial court formal notice that [petitioner] had violated the financial terms of his community control at their direction." (Obj. at 4.) Petitioner argues that the "extra judicial conduct of Respondents placed [petitioner] in jeopardy with the trial court at the resentencing hearing begun on February 1, 2011 and finalized on March 11, 2011 as the judge could extend probation or remand [petitioner] for up to eighteen (18) months of time in jail." (Obj. at 5.)

6

However, upon *de novo* review, the Court agrees with the determination of the Magistrate Judge that petitioner was not in custody as a result of his failure to comply with the financial conditions of his community control sentence. The Court agrees with the Magistrate Judge's determination that petitioner was not under a serious threat of confinement on March 10, 2011, as a result of his failure to comply with financial obligations. Therefore, the Court does not find petitioner's second objection that the Magistrate Judge erred in failing to discuss respondents' "extra judicial" conduct to be well-taken.

In sum, upon *de novo* review, this Court agrees with the finding of the Magistrate Judge that petitioner was not in custody when his *habeas* petition was filed.

Petitioner asks the Court to convert his case into an action under 42 U.S.C. § 1983 in the event the Court dismisses his petition. Petitioner has not demonstrated a basis for the Court to "convert" this *habeas* petition into a Section 1983 action. Accordingly, Petitioner's request in this regard is denied.

### IV. Conclusion

For the reasons stated herein as well as those stated by the Magistrate Judge, the Report and Recommendation is accepted, and respondents' Motion to Dismiss the petition is granted.

The petition for a writ of *habeas corpus* is dismissed. Further, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

          /s/ Patricia A. Gaughan
          PATRICIA A. GAUGHAN
          United States District Judge

Dated: 10/19/11